UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GLENN DAMERON, | ) | Case No. 1:04 CV 0210 |
| | ) | (Criminal Case No. 1:03 CR 20) |
| | ) | |
| Petitioner, | ) | Judge James S. Gwin |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Glenn Dameron was charged with two counts of bank robbery in violation of 18 U.S.C. §2113(a) in the Northern District of Ohio on January 14, 2003. Represented by counsel he entered into plea negotiations which led to the March 13, 2003 written plea agreement (Docket No. 35 in Case 1:03 CR 20). In this written plea agreement Dameron agreed: that his offense base level for purposes of the federal sentencing guidelines would be 26; that the statutory penalty was a term of imprisonment of up to 20 years, a $250,000 fine; and that a term of mandatory supervised release for a period of three years and a $200 special assessment would follow (¶¶8-9). Other than these provisions, items involved in sentence calculation were as of yet undetermined or subject to judicial discretion. Among these open-ended issues was whether or not Dameron would be entitled to a three-level offense reduction for acceptance of responsibility (¶13) and Dameron's criminal history category, the issue which is at the crux of this case. Regarding criminal history the plea agreement provided:

> Defendant understands that defendant's criminal history will be determined by the Court after an investigation by the Federal Probation Department. The government has not represented that the defendant will fall within any particular Criminal History Category (¶14).

As agreed on March 13, 2003, Dameron changed his pleas to guilty. On June 17, 2003 Dameron was sentenced to 90 months incarceration (on each count to be served concurrently) plus three years supervised release and $200.00 special assessment.

The probation officer recommended in the presentence investigation report that the time to be spent in incarceration be computed at an offense level of 23 (crediting him with acceptance of responsibility) under Criminal History Category V.[1] Nearly six months later, Dameron moved under 28 U.S.C. §2255 to vacate, set aside or correct sentence, the gist of which is that he should have been sentenced to no more than 60 months. Under the Sentencing Table of the United States Sentencing Guidelines Manual effective November 1, 2002 (which would have been used at the time of Dameron's sentencing), an offense level of 23 yields the following ranges:

---

[1] **Criminal History Computation**

82. The criminal convictions above produce a subtotal criminal history score of 10, and it is noted that 3 of the defendant's 7 points under U.S.S.G. §4A1.1(c) were not countable.

83. At the time the instance offense (as charged in Count 1 was committed, the defendant was on probation through the Cuyahoga County Common Pleas Court in Case 331729, and at the time the instant offense (as charged in Count 2) was committed, the defendant was on probation through the Berea, Ohio Municipal Court in Case 96 TRCO03447-01. Pursuant to U.S.S.G. §4A1(d), two points are added.

84. The total of the criminal history points is 12. According to the Sentencing Table in U.S.S.G. Chapter 5, Part A, 12 criminal history points correspond to a Criminal History Category V.

| Criminal History Category | Months of Incarceration |
|---|---|
| I: | 46-57 |
| II: | 51-63 |
| III: | 57-71 |
| IV: | 70-87 |
| V: | 84-105 |
| VI: | 92-115 |

Accordingly, a 60-month sentence could occur under Criminal History Categories II and III, but not under Category V.

Dameron now claims that his sentence is unconstitutional due to misadvice and misfeasance by defense counsel in his four grounds presenting "denial of effective counsel." This motion to vacate under §2255 is a proper vehicle for Dameron to present his denial of effective assistance of counsel claims. Under federal procedure, "[t]he more preferable amount for raising an ineffective assistance of counsel claim is in a post-conviction proceeding under 28 U.S.C. §2255." *U.S. v. Sullivan*, 431 F.3d 976, 986-87 (6th Cir. 2005); *U.S. v. Carr*, 5 F.3d 983, 986 (6th Cir. 1993); and see *Massaro v. U.S.*, 538 U.S. 500, 128 S.Ct. 1690, 155 L.Ed.2d 714 (2003). This procedure under §2255 is specifically suited to assert a claim of denial of the constitutional right to effective assistance of counsel during plea negotiations. See *Humphress v. U.S.*, 398 F.3d 855, 857 (6th Cir. 2005), *cert. denied*, 126 S.Ct. 199 (2005).

| | |
|---|---|
| **Ground one**: | Denial of effective counsel. |
| Supporting Facts: | My lawyer told me "1 day" deal. Entered a guilty plea today 60 months at sentencing (both counts). But I was sentenced to 90 months. I asked my lawyer what happened to 60 months — She said "I don't know." |

Dameron's first ground of faulty foresight appears to present a "gross misadvice" argument. See *Smith v. U.S.*, 348 F.3d 545, 553 (6th Cir. 2003); *Moss v. U.S.*, 323 F.3d 445, 474 (6th Cir. 2003); *Magana v. Hofbauer*, 263 F.3d 542, 548 (6th Cir. 2001). "A criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available." *Smith v. U.S.*, 348 F.3d at 553. Counsel must advise defendant of the available options and this includes sentencing exposure by exploring the ranges of penalties under likely guideline scoring scenarios given the information available to defendant and counsel at the time. *Id;* and see *U.S. v. Day*, 969 F.2d 39, 43 (3rd Cir. 1992).

"The [Fifth Amendment due process'] requirement that a plea of guilty must be intelligent and voluntary to be valid has long been recognized." *Brady v. U.S.*, 397 U.S. 742, 747 n. 4, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Sixth Amendment's right to effective assistance of counsel has merged with the foregoing constitutional requirements for valid guilty pleas, "[s]ince an intelligent assessment of the relative advantages of pleading guilty is frequently impossible without the assistance of an attorney." *Brady*, 397 U.S. 748 n. 6. Voluntariness is also impacted because one

of the relevant surrounding circumstances to which a defendant should be aware is the possibility of a heavier sentence following trial, whereas the guilty plea may limit the penalty. *Brady*, 397 U.S. at 749. Accordingly, effective assistance of counsel has also been recognized as a necessary precursor to an intelligent and voluntary guilty plea following plea negotiations. See *Brady*, 397 U.S. at 750; and see *McMann v. Richardson*, 397 U.S. 759, 767-68, 90 S.Ct. 1441, 25 L.Ed.763 (1970).

Much later after this recognition, the Supreme Court developed a general two-part test for counsel's ineffectiveness in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requiring defendant to first show that counsel's representation fell below an objective standard of reasonableness and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 466 U.S. at 687-88, 694. Shortly thereafter in *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), a specific test for counsel's effectiveness in the plea negotiation setting was formulated. Under this modified test, the first part of objectively deficient performance remains the same, but the second part of the *Strickland* test was modified to require only that defendant show that there was a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 58-59; *Griffin v. U.S.*, 330 F.3d 736-37 (6th Cir. 2003). This difference is significant due to the ease of demonstrating prejudice. See *Griffin*, 330 F.3d 737 n. 1.

Dameron in his "supporting facts" brief accompanying his motion, claims prejudice due to counsel's failure to investigate his criminal history *but* he requests, "the court to please grant/order a correction of my P.S.I. Report and re-sentence under a new P.S.I. (Supporting Facts. pg. 1-2, Docket No. 1). This argument is insufficient to state a claim of denial of effective assistance of counsel in plea bargaining because it lacks the prejudice element of a reasonable probability of insisting on going to trial. See *Hill*, 47 U.S. at 58-59.

Counsel's material misrepresentation of the consequences of the guilty plea or an inaccurate prediction about sentencing in themselves are insufficient to sustain a claim of ineffective assistance of counsel. See *U.S. v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005); *Cofske v. U.S.*, 290 F.3d 437, 441 (1st Cir. 2002); *Knight v. U.S.*, 37 F.3d 769, 775 (1st Cir. 1994); *U.S. v. Gordon*, 4 F.3d 1567, 1570-71 (10th Cir. 1993); *U.S. v. Arvintis*, 902 F.2d 489, 494-95 (7th Cir. 1990); *U.S. v. Turner*, 881 F.2d 684, 687 (9th Cir. 1989), *cert. denied*, 493 U.S. 871 (1989). Allegations of this type lack the necessary component of prejudice under *Hill v. Lockhart*. See *Hill*, 474 U.S. at 60.

Federal collateral relief is available only for errors of "constitutional magnitude which had a substantial and injurious effect or influence on the proceeding." *Watson v. U.S.*, 165 F.3d 486, 488 (6th Cir. 1999). While it is possible to prevail under a §2255 motion alleging a non-constitutional error for "'a complete fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process," *Watson* at 488 citing *Hill v. U.S.*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); and see *U.S. v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990); *Gall v. U.S.*, 21 F.3d 107, 109 (6th Cir. 1994), Dameron's mere

grievance over counsel's advice does not rise to a cognizable dispute under §2255. Accordingly, taking Dameron's allegations as true, they fail to state a cognizable claim of counsel's ineffectiveness which can be resolved under 28 U.S.C. §2255.

Essentially, this motion to vacate or set aside sentence is an attempt to obtain a reduced sentence without vacating the guilty pleas. Apparently Dameron has some sense of danger from seeking to vacate his plea or from arguing that he would not have entered guilty pleas had counsel advised him fully. Dameron wisely is attempting to avoid the pitfall of *Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), where the presumption of judicial vindictiveness does not apply to a sentence imposed after appeal from a guilty plea. Thus, he cannot come forward with a recognizable claim of ineffective assistance that attacks his guilty pleas because that could potentially nullify the benefit he received from plea bargaining.

**Ground two**: Denial of Effective Counsel. P.S.I. [Presentence Investigation] Report to Court.

Supporting Facts: My attorney was notified "2" different times by me — federal P.O. to be present during my P.S.I. P.O. said he wanted her present. (This resulted in additional prison time). Attorney never investigated P.S.I.

**Ground three**: Denial of Effective Counsel *Read Sentencing Transcript"

Supporting Facts: My attorney never looked into my incorrect information and facts that I pointed out in my P.S.I. She told me she did, but did not. I told attorney that my P.S.I. needed to be redone, she said OK, but never did anything about it.

Dameron's arguments show that he does not fully understand the presentence investigation process. In reality the issues raised in Dameron's second and third grounds are quite pointless. Ineffective assistance of counsel serves as "cause" to excuse defendant's failure to contemporaneously object to the court's sentence calculation. See *Nagi v. U.S.*, 90 F.3d 134-35 (6th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997). The record conclusively shows, though, that Dameron did raise his objections at the sentencing hearing. His grievance essentially distills to a dispute over the delay in asserting his objections. Counsel did not raise Dameron's dispute over his Criminal History Category calculation at the presentence interview or object to the presentence investigation report. The dispute with the calculation was nevertheless presented, so there was no prejudice demonstrated. The second critical element under *Strickland*, was absent.

Rule 32 governs post-conviction sentencing procedure in presentence investigations and specifically Rule 32(c)(2) provides:

> The probation officer who interviews a defendant as part of a presentence investigation must, on request, give the defendant's attorney notice and a reasonable opportunity to attend the interview.

18 U.S.C. Rule 32(c)(2).

The presentence investigation report relates that Dameron was interviewed on April 4 and again on April 21, 2003 (¶93). It says nothing about either the defense counsel or the U.S. Attorney's participation in these interivews. Obviously defense counsel's participation is not mandatory under the rule, but counsel's failure to attend both interviews was contrary to Dameron's requests.

Again, this grievance does not rise to a constitutional deprivation. Counsel's presence was not mandatory because a presentence interview in a non-capital case is not a critical stage in the criminal proceeding. *Van v. Jones*, - F.3d -, 2007 WL 91660 *17 (6th Cir. 2007), citing *U.S. v. Tisdale*, 952 F.2d 934, 940 (6th Cir. 1992); and see *U.S. v. Benlian*, 63 F.3d 824, 827 (9th Cir. 1995); *U.S. v. Leoniti*, 326 F.3d 1011, 1019-20 (9th Cir. 2003); *U.S. v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993); *Brown v. Butler*, 811 F.3d 938, 941 (5th Cir. 1987). "It is well settled that the complete absence of counsel at a critical stage of a criminal proceeding is a *per se* Sixth Amendment violation warranting reversal of a conviction, a sentence, or both, as applicable without analysis for prejudice or harmless error." *Van v. Jones*, 2007 WL 91660 *18; and see *U.S. v. Cronic*, 466 U.S. 648, 659, and nn. 25 and 26, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984); *Short v. U.S.*, 471 F.3d 686, 693 (6th Cir. 2006) ("The Supreme Court has held that under certain egregious circumstances, however, a defendant can assert a '*per se*' ineffective assistance claim in which the court will preserve prejudice"); compare *Strickland*, 466 U.S. at 693-96. On the other hand, in the counsel-optional presentence interview, which was not a critical stage, Dameron must establish that counsel's

absence prejudiced him as required under *Strickland v. Washington*. See *id.* 466 U.S. at 688-694. Dameron cannot do so.[2]

Dameron's arguments concerning prejudice in the second ground are an outflow from his third ground of counsel's failure to investigate and correct the alleged errors in the presentence investigation report. Counsel's participation presentence investigation is fairly straightforward. After the probation officer prepares the presentence investigation report, it must be disclosed pursuant to Crim. Rule 32(e) and counsel has 14 days thereafter to object to the report in accordance with Crim R. Rule 32(f). There is no dispute that Dameron's presentence investigation report was delivered to counsel and the note dated June 9, 2003 indicates that counsel had no objections (see Addendum to Presentence Report pg. 24).

Counsel conceded at the sentencing hearing that she had not had the opportunity prior to the date of hearing to go over the original and revised presentence investigation reports with her client explaining that authorities at the Trumbull County Jail would not allow her to speak with her client (Sentencing Hearing at 3-4, Docket No. 49 in 03 CR 20). Nevertheless counsel did review the presentence investigation report with her client on the morning of the hearing and Dameron testified at the sentencing hearing and argued that specific errors were present in the presentence

---

[2] Even though defense counsel's presence is not required under Rule 32(c)(2), the Sixth Circuit in *U.S. v. Hone*, 456 F.2d 495, 497 (6th Cir. 1972) set out a fairness policy whereas there is error in those situations where the United States Attorney is present at the presentence conference but defense counsel is not. In those situations there is a denial of due process unless there was no prejudice to the defendant. Dameron does not claim that the U.S. Attorney was present nor does the presentence investigation report evidence such. Accordingly, the fairness rule of *U.S. v. Hone* has no application in this matter.

investigation report. *Id.* He objected to criminal history points being scored under paragraph 71, 73, 75 and 77 (Sentencing Transcript at 2-4). The court accepted these arguments but found with reference to paragraph 82 (see note 1) that this reduction would have no significant effect and that the result would only take the criminal history points from 12 to 11 due to the addition of three previously excluded offense levels (Sentencing Transcript at 5). Both the U.S. Attorney and defense counsel agreed with this conclusion (Sentencing Transcript at 5-6).

Assuming counsel was ineffective due to state interference, defense counsel's ineffectiveness did not result in actual prejudice since Dameron's dispute over the criminal history calculation was presented at sentencing. Ultimately, Dameron has not shown that he was prejudiced by erroneous information in his report to present cognizable claims in his second and third grounds. Compare *U.S. v. Stevens*, 851 F.2d 140 (6th Cir. 1988).

| | |
|---|---|
| **Ground four**: | Denial of effective counsel. |
| Supporting Facts: | After my sentencing I told my lawyer I would like to speak to her about a (sic) appeal, she never came back to holding cell and never answer any of my mail after that, and never returned legal papers I gave her about a lawsuit. |

The final ground is refuted first by Dameron's statements at the sentencing hearing when he responded negatively when asked by the court if he would like an attorney appointed to represent him for an appeal and whether he wanted to take an appeal (Sentencing Transcript at 18). The court stated that, "if that changes for any reason, and if you want someone appointed to represent you,

send a written request within five days and that should be directed to me through the Clerk of Court's Office . . ." *Id.* Defendant responded, "I truly take responsibility for my actions. I mean, I can't blame nobody but myself. Just I wish things were different." (Sentencing Transcript at 18-19). Accordingly, defendant stated in his testimony in open court that he did not desire an appeal and he is bound by this statement. See *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d. 136 (1977) (a defendant's statements in court are given strong presumption of verity).

Secondly, this ground is refuted by Dameron's own admission in his reason for not appealing because he was advised by counsel that "if I was to appeal I would receive 10 yrs on each sentence making it 20 yrs." (§2255 Motion at 4, Docket No. 1). Thus, counsel did discuss appeal prospects with Dameron.

Under the standards set out in *Roe v. Flores v. Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) in consideration of Dameron's argument and evidence of record, there is no question that counsel's performance was effective. In *Roe*, the Supreme Court amalgamated precedent from *Strickland v. Washington*, *Rodriquez v. U.S.*, 395 U.S. 327 (1969) and *Hill v. Lockhart*, in formulating a standard for measuring counsel's performance in the decision to appeal "when the defendant has not clearly conveyed his wishes one way or the other." *Roe*, 528 U.S. at 477. There are two chief considerations whether counsel's performance was deficient and these are "(1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe*, 528 U.S. at 480. Other subsidiary factors include whether or not

a guilty plea had been entered and whether the defendant had waived some or all appeal rights. *Id.* Dameron had entered guilty pleas and the plea agreement did contain substantial waivers of subsequent judicial review, including narrowly confined grounds for appeal. (See Plea Agreement ¶18, Waiver of Defenses and Habeas Corpus Rights.)

Given the court's notice to Dameron of the availability of appeal and that counsel could be appointed for him, his negative responses and contradictory admission which indicate there had been discussion concerning appeal, Dameron has not established that he wanted to appeal or that he had demonstrated to counsel that he was interested in appealing.

*Evidentiary Hearing not Required:*

A hearing on a §2255 motion is unnecessary when the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Smith v. U.S.*, 348 F.3d at 550, quoting *Fontaine v. U.S.*, 411 U.S. 213, 215, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973). Such is the situation in regard to Dameron's arguments.

***CONCLUSION AND RECOMMENDATION***

Based on the arguments raised in the motion to vacate sentence under 28 U.S.C. §2255, the files and records and the applicable law, Dameron fails to present any argument having merit and it is recommended that his motion be denied.

s/James S. Gallas
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: January 31, 2007