UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :

GLENN C. DAMERON,                         :      CASE NO. 1:04-CV-210

             Petitioner,                  :

vs.                                            :      OPINION & ORDER
                                            :      [Resolving Doc. Nos. 1, 27]
UNITED STATES OF AMERICA,       :

             Respondent.               :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 13, 2003, the Petitioner, Glenn C. Dameron ("Dameron"), plead guilty to two counts of bank robbery in violation of Title 18, United States Code, §2113(a). [Doc. 24.] On June 17, 2003, the trial court then sentenced the Petitioner to 90 months incarceration (on each count to be served concurrently) plus three years supervised release and a $200.00 special assessment. *Id.* With this motion the Petitioner seeks to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255. [Doc. 1.] Specifically, the Petitioner argues his sentence should not exceed 60 months. *Id.*

On February 17, 2004, the Court referred the case to Magistrate Judge James S. Gallas under Local Rule 72.1 for a Report and Recommendation. [Doc. 5.] On January 31, 2007, Magistrate Judge Gallas filed a Report and Recommendation, in which he recommended that the Court deny the Petitioner's request for relief. [Doc. 24.] The Petitioner objects to the Magistrate's Report. [Doc. 27.]

-1-

Case No. 1:04-CV-210
Gwin, J.

For the reasons provided below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** the Petitioner's request for relief.

## I. Background

As was noted above, Petitioner Dameron Plead guilty to two counts of bank robbery in violation of Title 18, United States Code, §2113(a). [Doc. 24.] Pursuant to his written plea agreement, Dameron agreed that (1) his base offense level for purposes of the federal sentencing guidelines would be 26; (2) the statutory penalty was a term of imprisonment of up to 20 years plus a $250,000 fine; and (3) a term of mandatory supervised release for a period of three years and a $200.00 special assessment would follow his release from incarceration. *Id.* The plea agreement did not address the Petitioner's criminal history category. On June 17, 2003, the trial court then sentenced the Petitioner to 90 months incarceration. *Id.*

With this action the Petitioner claims that his sentence is constitutionally infirm due to misadvise and misfeasance by his defense counsel. [Doc. 1.] Specifically, Petitioner Dameron alleges four grounds establishing "denial of effective counsel," including:

Ground one: Denial of effective counsel.

Supporting
Facts: My lawyer told me "1 day" deal. Entered a guilty plea today 60 months at sentencing (both counts). But I was sentenced to 90 months. I asked my lawyer what happened to 60 months — She said "I don't know."

Ground two: Denial of Effective Counsel. P.S.I. [Presentence Investigation] Report to Court.

Supporting
Facts: My attorney was notified "2" different times by me — federal P.O. to be present during my P.S.I. P.O. said he wanted her present. (This resulted in additional prison time). Attorney never investigated P.S.I.

-2-

Case No. 1:04-CV-210
Gwin, J.

Ground three: Denial of Effective Counsel *Read Sentencing Transcript*

Supporting
Facts: My attorney never looked into my incorrect information and facts that I pointed out in my P.S.I. She told me she did, but did not. I told attorney that my P.S.I. needed to be redone, she said OK, but never did anything about it.

Ground four: Denial of effective counsel.

Supporting
Facts: After my sentencing I told my lawyer I would like to speak to her about a (sic) appeal, she never came back to holding cell and never answer any of my mail after that, and never returned legal papers I gave her about a lawsuit.

[Doc. 1.] In his Report, Magistrate Judge Gallas recommends denying each of the Petitioner's four grounds for relief. [Doc. 24.] The Petitioner objects to the Magistrate's recommendation. [Doc. 27.]

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which an objection has been made. *See* 28 U.S.C. § 636(b)(1). As noted in Magistrate Gallas' Report and Recommendation, any objections must be filed with the Clerk of Court within ten days of the report's issuance. [Doc. 24.] Parties waive their right to appeal the Magistrate Judge's Recommendation if they fail to object within the time allotted. *Id.*

Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges to be in violation of federal law. *See In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

1) That the sentence was imposed in violation of the Constitution or laws of

Case No. 1:04-CV-210
Gwin, J.

>   the United States;
>
>   2) That the court was without jurisdiction to impose such sentence;
>
>   3) That the sentence exceeded the maximum authorized by law; or
>
>   4) That the sentence is otherwise subject to collateral attack.

*Hill v. United States*, 368 U.S. 424, 426-27 (1963); 28 U.S.C. § 2255.

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). Meanwhile, to prevail on a § 2255 motion alleging non-constitutional error, the movant must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *United States v. Hill*, 368 U.S. 424, 428 (1968)).

However, a plea agreement may preempt a § 2255 claim. "[A] defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars [§ 2255] relief." *Watson*, 165 F.3d at 489. A defendant who knowingly, intentionally, and voluntarily enters a plea agreement forfeits the right to bring subsequent, non-jurisdictional challenges not specifically retained in the agreement. *Id.* Generally, only those motions specified in the plea itself are reserved for review; the defendant waives the right to raise independent claims relating to the deprivation of rights which he alleges occurred prior to the entry of his plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Bahhur*, 200 F.3d 917, 922-23 (6th Cir. 2000).

Case No. 1:04-CV-210
Gwin, J.

### III. Analysis

In his objection to the Magistrate's Report and Recommendation Petitioner Dameron says that the Court should grant his petition because his second and third grounds for relief establish a valid claim of ineffective assistance of counsel. [Doc. 27.] After conducting an independent review of the Petitioner's claims, the Court adopts the Magistrate Judge's recommendation and denies all of the Petitioner's grounds for relief.

**A.     Grounds One and Four**

As was noted above, the Petitioner does not object to the Magistrate Judge's recommendation relative to his first and fourth grounds for relief. [Doc. 27.] Accordingly, the Court (1) adopts the Magistrate's recommendation regarding those claims for relief as its own and incorporates it herein by reference; and (2) denies the Petitioner's request for relief based upon those grounds.

**B.     Grounds Two and Three**

In his objection to the Magistrate's Report and Recommendation, the Petitioner concedes that "these two ground[s] [for relief ] are one and the same . . . " [Doc. 27.] Both claims focus on his counsel's actions with respect to the production and accuracy of the Petitioner's presentence investigation report. [Doc. 1.] Specifically, the Petitioner argues that his counsel was ineffective because she failed to (1) attend the Petitioner's interview that was conducted as part of the presentence investigation process, despite his request that she be present; and (2) investigate and object to deficiencies in the final presentence investigation report. *Id.* Both arguments ultimately fail.

Case No. 1:04-CV-210
Gwin, J.

To establish ineffective assistance of counsel, a Petitioner must show that their counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the result of the proceedings unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, it is arguable that the Petitioner's counsel acted inappropriately both in failing to attend the Petitioner's presentence investigation interview and in failing to effectively communicate her inability to attend the interview to the Petitioner. However, there is no evidence in the record that indicates the Petitioner received constitutionally defective assistance.

Counsel's presence at a presentence interview in a non-capital case is not mandatory because such interviews do not constitute a critical stage in a criminal proceeding. *Van v. Jones*, 475 F.3d 292 (6th Cir. 2007). Accordingly, the Petitioner is foreclosed from arguing that his counsel's absence from his interview was a *per se* Sixth Amendment violation. *Id.* Moreover, the Petitioner has not established that any prejudice resulted from either his counsel's failure to attend his interview or her delay in objecting to certain parts of the presentence investigation report till the time of the sentencing hearing.

To the contrary, the record indicates that Petitioner Dameron met with his counsel the morning of the sentencing hearing and that counsel then argued at the hearing that the presentence investigation report contained specific errors. [Doc. 24.] Indeed, the Court accepted counsel's arguments with respect to scoring criminal history points under paragraphs 71, 73, 75, and 77. *Id.* Given that the Petitioner's objections regarding the calculation of his criminal history score were presented at sentencing, the Court finds no evidence that counsel's performance prejudiced the Petitioner even assuming that counsel was constitutionally ineffective. Accordingly, the Court adopts the Magistrate's recommendation relative to grounds two and three and denies the

Case No. 1:04-CV-210
Gwin, J.

Petitioner's remaining claims for relief.

## IV. Conclusion

For the reasons provided above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** the Petitioner's request for relief.

IT IS SO ORDERED.


Dated: March 21, 2007            s/ *James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE